# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**JOHN SOLIS, SR., LUZ ELENA SOLIS,**
**CECILIA ARBALLO and JOHN SOLIS, SR.**
**as next friend of CHRISTIAN SOLIS, a minor,**
**and JOHN SOLIS, SR., as next friend of**
**LUIS SOLIS, a minor,**

      **Plaintiffs,**

**vs.**                                    **10-CV-952 JAP/ACT**

**MEILLENUR GILLES, and**
**2951291 CANADA, INC., d/b/a**
**TRANSPORT RAYMOND HUDON and**
**ZURICH AMERICAN INSURANCE COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S
## MOTION TO DISMISS (Doc. No. 14)

Zurich American Insurance Company (Zurich), as the insurer of the corporation named

2951291 Canada, Inc. d/b/a/ Transport Raymond Hudon (TRH), asks the Court to dismiss this

case because Plaintiffs failed to properly serve Zurich's insured, TRH, and Meillenur Gilles

(Gilles), TRH's former employee.[1] Zurich asserts that it cannot be held liable for Plaintiffs'

losses allegedly caused by Gilles unless Plaintiffs first obtain a judgment against TRH. Zurich

---

[1] On March 8, 2011, Defendant Zurich American Insurance Company (Zurich) filed
Defendant Zurich American Insurance Company's Motion To Dismiss (Doc. No. 14) (Motion).
On March 23, 2011, Plaintiffs John Solis, Sr., individually and as next friend to Christian Solis
and Luis Solis, both minors, Luz Elena Solis, and Cecilia Arballo (Plaintiffs) filed Plaintiffs'
Response To American Insurance Company's [sic] Motion To Dismiss (Doc. No. 15)
(Response). On March 31, 2011, Zurich filed Defendant Zurich American Insurance Company's
Reply To Plaintiffs' Response To The Motion To Dismiss (Doc. No. 17) (Reply).

essentially claims that by failing to properly serve process on TRH and Gilles, this Court has no

personal jurisdiction over Gilles and TRH. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.,*

*Ltd.*, 484 U.S. 97, 104 (1987) (holding that a court lacks jurisdiction to enter judgment against a

defendant if that defendant has not been summoned into court).  According to Zurich, this

Court's lack of jurisdiction warrants dismissal of all claims against Zurich, as TRH's insurer,

because Plaintiffs cannot sue Zurich directly. *See Martinez v. Reid*, 2002-NMSC-015, ¶ 13, 132

N.M. 237, 229-30, 46 P.3d 1237 (holding that automobile liability insurer can be joined in case

against insured but that insurer cannot be sued directly). Zurich concludes that since Plaintiffs

failed to serve TRH and Gilles, Plaintiffs have failed to state a claim against Zurich, and Zurich

asks the Court to dismiss all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) requires the Court to examine the legal sufficiency of Plaintiffs' claims

asserted against Zurich, TRH and Gilles in the Complaint. Zurich asks the Court to find the

claims legally insufficient because Plaintiffs have failed to serve its insured, TRH, and the

alleged tortfeasor, Gilles. Zurich's liability as an insurer is dependent on whether TRH is liable

for the injuries caused by TRH's employee, Gilles. However, Zurich's request for dismissal for

failure to properly serve process on TRH and Gilles requires the Court to examine the

circumstances surrounding the service of process on TRH and Gilles and not the legal

sufficiency of the allegations in the Complaint. Thus, the Motion should have been brought

under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

After considering the evidence of record regarding Plaintiffs' service of process on TRH

and Gilles, the Court will deny the Motion. Prior to removal of this case to federal court,

Plaintiffs properly served process on TRH under New Mexico law. And although Plaintiffs have

failed to properly serve process on Gilles under both New Mexico and federal law, the Court will

allow Plaintiffs additional time to serve Gilles in Quebec, Canada.

I. Standard of Review

Under Rule 12(b)(5), a "defendant may object to plaintiff''s failure to comply with the procedural requirements for proper service" in Rule 4. *Kizzar v. Richardson*, No. Civ 08-1037 JB/CEG, 2009 WL 2951061, *4 (D. N.M. Aug. 14, 2009) (quoting, *Richardson v. Alliance Tire & Rubber Co.,* 158 F.R.D. 475, 477 (D. Kan.1994)). While Rule 12(b)(4) addresses the form of process or the content of the summons, "[a] Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." *Id.* (quoting, *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1349 (D. Kan.1994)). When a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

II. Background

On August 13, 2010, Plaintiffs filed a Complaint For Personal Injury (Complaint) in the First Judicial District Court, Santa Fe County, New Mexico (state court), and the clerk of the state court issued a summons for each defendant. In the Complaint, Plaintiffs alleged that they suffered personal injuries and other losses arising from an accident in the parking lot of a Walmart store located in Albuquerque, New Mexico. (Compl. ¶¶ 17-19.) The accident occurred when a commercial freight truck allegedly struck the vehicle occupied by Plaintiffs. At the time of the accident, Gilles was driving the truck in the course of his employment with TRH, the owner of the truck, and the truck was insured under a policy issued by Zurich. (Compl. ¶¶ 8, 17-18, 26.) TRH is a Canadian corporation, and Gilles is a citizen of Quebec, Canada. (Compl. ¶¶ 6-7.)  Zurich is a New York corporation with its principal place of business in Illinois. (Not. Removal ¶ 5.) The Plaintiffs are New Mexico residents. (Compl. ¶¶ 1-5.)

Plaintiffs asserted that the New Mexico courts have jurisdiction under the New Mexico long-arm statute because TRH and Gilles (1) transacted business in New Mexico; (2) operated a motor vehicle upon the highways of New Mexico; and (3) committed tortious acts within New Mexico. (Compl. ¶ 12); NMSA 1978 § 38-1-16(A)(1)-(3). On August 26, 2010, Plaintiffs served Zurich with the Summons and the Complaint. On October 6, 2010,[2] Zurich removed the case to this Court asserting federal diversity jurisdiction. 28 U.S.C. § 1332(a).[3]

Concerning the service of process on TRH and Gilles, Plaintiffs submitted the affidavit of Ms. Calise Perry, legal assistant to Plaintiffs' counsel, Thomas McLarty. (Resp. Ex. B.) In the affidavit dated August 13, 2010, Ms. Perry stated that she made a diligent search for TRH's registered agent for service of process in New Mexico but was unable to locate the agent. (*Id.* ¶ 2.) Ms. Perry stated that she searched the New Mexico Public Regulation Commission records and could not find a record for TRH. (*Id.* ¶ 1.) Ms. Perry searched the internet and discovered this address for TRH:

> 312, St-Francois Xavier
> Delson, Quebec, Canada
> J5B 1Y1
> Toll Free: 1-800-868-1808
> Fax: (450) 632-2540
> Tel: (450) 632-1554
> info@transport-hudon.com

---

[2] Although Zurich removed the case more than thirty days after Zurich received service of the Complaint, and therefore did not comply with the thirty-day time limit in 28 U.S.C. § 1446(b), Plaintiffs did not move to remand the case within thirty days after the filing of the notice of removal as required by 28 U.S.C. § 1447(c). Consequently, Plaintiffs waived their right to remand. *American Oil Co. v. McMullin*, 433 F.2d 1091, 1094 (10th Cir. 1970).

[3] Plaintiffs have not challenged this Court's diversity jurisdiction and have alleged in their Complaint that there is complete diversity of citizenship and that the amount in controversy exceeds the sum of $75,000 as required under 28 U.S.C. § 1332(a). (Compl. ¶ 11.)

(*Id.* ¶ 2.) On the internet, Ms. Perry also found a letter from the Federal Highway Administration addressed to TRH, which listed a contact at the Vermont Federal Motor Carrier Safety Administration named Chris Peachtree. (*Id.* ¶ 3.) Ms. Perry testified that she contacted Chris Peachtree who provided a name of a service of process agent in Roswell named Jean Rouse at the address 5401 Cactus Ave., Roswell, New Mexico 87202. Chris Peachtree identified Ms. Rouse as the designated New Mexico service of process agent for TRH. (*Id.*) Ms. Perry found a telephone number for the Cactus Avenue address and attempted to telephone Ms. Rouse. Ms. Perry stated that she "was unable to connect to the number, and "[a]ll attempts to find a phone number for Jean Rouse and/or a service of process agent for Defendant 2951291 Canada Inc. have failed." (*Id.* at ¶¶ 4-5.) Zurich has not disputed the facts contained in Ms. Perry's affidavit.[4]

Having failed to locate a New Mexico service of process agent for TRH, Plaintiffs served copies of the Summons and Complaint on the New Mexico Secretary of State as the statutory agent for TRH and Gilles under NMSA 1978 §§ 38-1-5 and 38-1-6 (1993).[5] These statutes provide methods for service of process on corporations that have failed to maintain agents for service of process in New Mexico. On September 23, 2010, Mary Herrera, the New Mexico Secretary of State, issued an Acceptance of Service Certificate (Gilles Certificate of Service) in

---

[4] Plaintiffs did not state that they searched the records of the United States Department of Transportation's Federal Motor Carrier Safety Administration, which has a record showing that Process Agent Service Company, Inc. is the national service of process company agent for TRH. Michael P. Clemens at the address 4401 Indian School Rd NE, Suite 300, Albuquerque, NM 87110 is listed as the agent for Process Agent Service Company, Inc. in New Mexico.

[5] The Court notes that the under the New Mexico Motor Carrier Act, NMSA 1978 § 65-2A-1 through § 65-2A-40 (2003), if an agent for service of process cannot be found in the State, the Secretary of State may be served as the statutory agent for service of process for motor carriers operating in New Mexico. Service may be obtained in this way in an action arising out of an accident with a motor carrier in New Mexico. NMSA 1978 § 65-2A-28 (2003).

which Ms. Herrera acknowledged that she received two copies of the Summons and Complaint

on behalf of Gilles and mailed the Summons and Complaint via registered mail to Gilles, in care

of TRH at TRH's Quebec address, *supra*. Also on September 23, 2010, Ms. Herrera issued an

Acceptance of Service Certificate (TRH Certificate of Service) in which Ms. Herrera

acknowledged that she received two copies of the Summons and Complaint on behalf of TRH

and mailed the Summons and Complaint via registered mail to TRH at its Quebec address,

*supra*. Plaintiffs have submitted copies of two signed return receipts dated September 3, 2010

acknowledging that both Summonses and Complaints were received at TRH's Quebec address.

An unidentified person's signature appears on the return receipts. (Resp. Ex. C.)[6] Zurich asserts

that Gilles is no longer employed by TRH, and Plaintiffs have not disputed this contention.

      Zurich contends that Plaintiffs failed to properly serve the Summons and Complaint on

TRH and Gilles under Fed. R. Civ. P. 4(f)(1) because, as foreign citizens, both TRH and Gilles

must be served under the provisions of the *Hague Convention of 15 November 1965 on the*

*Service Abroad of Judicial and Extrajudicial Documents* (Hague Convention), 20 U.S.T. 361. In

the Response, Plaintiffs argue that they properly served Gilles and TRH under NMSA 1978 §§

38-1-5 and 38-1-6 (1993). Alternatively, Plaintiffs ask the Court to grant them additional time to

properly serve TRH and Gilles. In its Reply brief, Zurich asks the Court to strike the Response

because it was filed one day late. Under Fed. R. Civ. P. 12(f), motions to strike are reserved for

pleadings as defined in Fed. R. Civ. P. 7(a); thus, a party cannot attack a reply brief with a

motion to strike. *Trujillo v. Board of Educ. of Albuquerque Public Schools*, 230 F.R.D. 657, 660

(D. N.M. 2005). The Court will not strike the Reply brief.

---

      [6] Only one return receipt is attached to the Response; however, both return receipts are
included in the state court documents that have been filed in the electronic docket. (Doc. No. 9).

II. Discussion

A. New Mexico Law Applies Regarding Service On Gilles and TRH

Zurich contends that Plaintiffs were required to follow the procedure dictated by the Hague Convention to properly serve process on both TRH and Gilles, as foreign citizens. The United States Supreme Court in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, stated, "[b]y virtue of the Supremacy Clause, U.S. Const., Art. VI, the [Hague] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." 486 U.S. 694, 699 (1988). However, the Supreme Court held that the Hague Convention applies only in cases "where there is occasion to transmit a judicial . . . document for service abroad." *Id.* at 698 (quoting the *Hague Convention*, Article 1, 20 U.S.T. at 362)). Thus, a claimant must serve process under the Hague Convention only when the law of the forum requires the claimant to transmit documents abroad to effectuate service. *Id.* at 700. For example, if the forum's law allows a claimant to serve a foreign citizen in the United States by serving an agent legally appointed to receive process, the Hague Convention would not apply. *See id.* at 706-07 (stating "where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the [Hague] Convention has no further implications.").

Because this case was originally filed in New Mexico state court, the forum law applicable to service of process on TRH and Gilles is the law of New Mexico. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (citation omitted) (noting that federal courts in removed cases look to the law of the forum state to determine whether service of process was perfected prior to removal). If Plaintiffs failed to properly serve process on either TRH or Gilles under New Mexico law, then after removal, Plaintiffs are afforded another opportunity to serve

7

process under the Federal Rules. 28 U.S.C. § 1448.[7] *Wallace*, 596 F.3d at 706 (holding that even though service had not been perfected prior to removal, plaintiffs had additional chance to properly serve defendant under federal rules); *Kitchens v. Bryan County Nat. Bank,* 825 F.2d 248, 255 (10th Cir. 1987) (holding that federal rules govern sufficiency of service in diversity cases). The Court will first examine whether Plaintiffs properly served Gilles under New Mexico law.

### B. Service of Process On Foreign Citizen Gilles

Under New Mexico law, service of process on an individual, must first be made "to the individual personally . . ." or "if the individual refuses to accept service, by leaving the process at the location where the individual has been found  . . . or by mail or commercial courier as provided in Subparagraph (3) of Paragraph E of this rule." NMRA 1-004(F)(1) (2004).[8] If the claimant attempts service under NMRA 1-004(F)(1), and the defendant has not signed for or accepted service, "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address . . . ." NMRA 1-004(F)(2). If a claimant fails to serve process under NMRA 1-004(F) (1) or (2), then a claimant may serve process "by delivering a copy of the process at the actual place of business

---

[7] In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in the United States district court. 28 U.S.C. § 1448.

[8] Subsection (E)(3) provides for service "by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant . . . signs a receipt for the envelope or package containing the summons and complaint . . ." NMRA 1-004(E)(3).

or employment of the defendant to the person apparently in charge thereof and by mailing a copy

of the summons and complaint by first class mail to the defendant at the defendant's last known

mailing address and at the defendant's actual place of business or employment." NMRA 1-

004(F). *See Edmonds v. Martinez*, 2009 -NMCA- 072, ¶¶ 11-12, 146 N.M. 753, 215 P.3d 62

(2009) (stating that New Mexico Rule 1-004(F) provides a hierarchy of methods of service on

individuals).

 In order to serve process on Gilles, all of the methods under NMRA 1-004(F) require

service of process outside of the United States; thus, Plaintiffs must serve Gilles under the

procedures provided in the Hague Convention. *Schlunk*, 486 U.S. at 700.  The New Mexico rules

reinforce this conclusion.

 N. Service of process in a foreign country. Service upon an individual, corporation,
 limited liability company, partnership, unincorporated association that is subject to suit
 under a common name, or equivalent legal entities may be effected in a place not within
 the United States:

  (1) by any internationally agreed means reasonably calculated to give notice, such
  as those means authorized by the Hague convention on the Service Abroad of
  Judicial and Extrajudicial Documents[.]

NMRA 1-004(N). Plaintiffs only attempted to serve Gilles by serving the New Mexico Secretary

of State as Gilles agent, and the New Mexico Secretary of State sent notice of service and copies

of the Summons and Complaint to TRH, who no longer was Gilles' employer. New Mexico law

does not authorize the Secretary of State to accept service on behalf of an individual, and

sending notice of service for an individual to the individual's former employer is ineffective. In

addition, NMSA §§ 38-1-5 and 38-1-6 do not apply because those statutes govern service on

corporations, not individuals. Therefore, Plaintiffs' attempt to serve Gilles was ineffective as a

matter of New Mexico law.

After removal, new process may be issued, and Plaintiffs may attempt to properly serve Gilles under the Federal Rules of Civil Procedure. 28 U.S.C. § 1448; *Wallace*, 596 F.3d at 706 (providing that federal law controls service of process after removal). Zurich contends that under Fed. R. Civ. P. 4(m), Plaintiffs were required to request a new summons and serve Gilles within 120 days after removal, which expired in April 2011. However, the 120-day deadline in Rule 4(m) does not apply to service of process in a foreign country under Rule 4(f).[9] Therefore, the Court will not dismiss the Plaintiffs' claims against Gilles even though Plaintiffs failed to serve Gilles within 120 days after removal. Although Plaintiff will not be given an indefinite time to effect service on Gilles, the Court will grant Plaintiffs additional time to serve Gilles.

Similar to the New Mexico rule, Fed. R. Civ. P. 4(f) provides,

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

Fed. R. Civ. P. 4(f)(1). Since Canada and the United States are both signatories to the Hague Convention, the Hague Convention's "internationally agreed means of service" applies. *Id.* Zurich argues that service under the Hague Convention must be made through the Central Authority of Quebec, which among other things, requires all judicial documents to be translated

---

[9] (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1). Fed. R. Civ. P. 4(m).

into French. However, service through a country's central authority is only one means provided in the Hague Convention by which claimants may serve foreign citizens.

The Supreme Court noted that the Hague Convention "sought to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Schlunk*, 486 U.S. at 698. The Hague Convention provides several alternate methods of service. The Hague Convention does require each signatory nation to establish a "Central Authority" to act as an agent to receive a request of service, arrange for service of documents, and return proofs of service.[10] Once the Central Authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. *Schlunk*, 486 U.S. at 699 (citing Article 5). As an alternative method of service, Article 8 allows the use of diplomatic agents to serve foreign defendants,[11] and Article 9 permits diplomatic agents to forward documents to designated authorities in receiving nations who, in turn, effect service on the proper parties.[12]

In connection with service of process by mail, Article 10(a) of the Hague Convention states, "[p]rovided the State of designation does not object, the present Convention does not interfere with . . . the freedom **to send** judicial documents, by postal channels, directly to persons abroad." 20 U.S.T. 361, Art. 10(a) (emphasis added).  Courts disagree on whether service by registered mail directly to a defendant is effective under this Article because it is the only place

---

[10] 20 U.S.T. 361 Ch. 1, Arts. 2-7 (adopted by United States, Feb. 10, 1969).

[11] 20 U.S.T. 361, Ch. 1, Art. 8.

[12] 20 U.S.T. 361, Ch. 1, Art. 9.

11

where the drafters used the word "send" instead of the word "service" in reference to delivery of judicial documents abroad. The Tenth Circuit has not addressed this issue, but one federal district court in this circuit has held that service on a Japanese corporation by registered mail was ineffective. *See Brand v. Mazda Motor of America, Inc.*, 920 F. Supp. 1169, 1172 (D. Kan.1996) (noting the split of authority and holding that registered mailings to corporation in Japan did not comply with the Hague Convention due to Japan's internal prohibition of service by mail). However, another federal district court in the Tenth Circuit has allowed foreign service of process by registered mail made under a court order as provided in Fed. R. Civ. P. 4(f)(3).[13] *Malone v. Highway Star Logistics, Inc.*, No. 08-cv-01534, 2009 WL 2139857, *1, (D. Colo. July 13, 2009) (unpublished opinion) (holding that service by registered mail was acceptable under Fed. R. Civ. P. 4(f)(3) as a alternative means when diligent efforts at service have failed).

The Second and Ninth Circuit Courts of Appeal have held that the Hague Convention permits service of process by mail. *See Ackermann v Levine*, 788 F2d 830, 841 (2d Cir. 1989) (holding that service by mail in Germany did not violate Hague Convention or due process); *Brockmeyer v. May*, 383 F.3d 798, 808 (9th Cir. 2004) (holding that the meaning of "send" includes "service"); *Trump Taj Mahal Associates v. Hotel Services, Inc.*, 183 F.R.D. 173, 179 (D. N.J. 1998) (holding that plaintiff effected valid service on Canadian corporation by mailing documents to its vice president at corporation's business address in London, England ). But, the Fifth and Eighth Circuit Courts of Appeal have held that the Hague Convention does not permit service by mail. *See Nuovo Pignone, SpA  v. Storman Asia M/V*, 310 F.3d 374, 384-85 (5th Cir.

---

[13] (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: . . . (3) by other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(f)(3).

2002) (stating, ". . . we will not presume that the drafters intended to give the same meaning to 'send' that they intended to give to 'service' . . ." therefore, service of summons and complaint may not be by mail); *Bankston v Toyota Motor Corp.* 889 F.2d 172, 173-74 (8th Cir. 1989) (stating that "send" permitted claimants to mail judicial documents after initial service of the complaint and summons by another method).

In conclusion, prior to removal, Plaintiffs were required to serve Gilles under New Mexico Rule 1-004 (F), which requires personal service of Gilles in Canada. Since Canada is a signatory to the Hague Convention, Plaintiffs were required to serve Gilles under the methods provided by the Hague Convention, which Plaintiffs failed to do. However, even though Plaintiffs' attempted service on Gilles was ineffective, the Court will deny Zurich's Motion and will give Plaintiffs additional time to serve Gilles with a summons and the Complaint.

C. <u>Service of Process On Foreign Corporation TRH</u>

Under New Mexico Rule 1-004(G), a claimant may serve a corporation "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized

13

by appointment, by law or by this rule to receive service of process." NMRA 1-004(G).[14]

Plaintiffs assert that TRH was properly served through the New Mexico Secretary of State under NMSA 1978 § 38-1-5 and 38-1-6 because the Secretary of State is the "agent authorized by appointment, by law or by this rule to receive service of process" for TRH under NMRA 1-004(G).

---

[14] G. Process; service on corporation or other business entity.

(1) Service may be made upon:

(a) a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

(2) If a person described in Subparagraph (a), (b) or (c) of this subparagraph refuses to accept the process, tendering service as provided in this paragraph shall constitute valid service. If none of the persons mentioned is available, service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge.

(3) Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail . . . in the manner provided in Subparagraph (3) of Paragraph E of this rule.

NMRA 1-004(G).  Subsection (E)(3) provides for service "by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant  . . . signs a receipt for the envelope or package containing the summons and complaint . . ." NMRA 1-004(E)(3).

NMSA § 38-1-5 provides,

A. In case any domestic corporation or any foreign corporation **authorized to transact business in this state** fails to file a report within the time required, or, **in case the agent of any corporation, designated by the corporation as the agent upon whom process against the corporation may be served, . . . cannot with due diligence be found**, it is **lawful, while the default continues, to serve process against the corporation upon the secretary of state, and the service shall be as effective to all intents and purposes as if made upon an officer, director or the registered agent of the corporation.** The plaintiff shall include an **affidavit that the registered agent** has died, resigned, left the state or **cannot be found**. The plaintiff shall provide, if known, the name upon whom the summons and complaint is to be served and the last known address and include two copies of every paper, including the summons, complaint, attachments and affidavits.

NMSA § 38-1-5 (1993) (A) (emphasis added).

"Section 38-1-5 is directed to foreign corporations that have actively transacted business in this state and designated an agent for process and then failed to name a successor after the designated agent dies, resigns or removes himself from the state." *Abarca v. Henry L. Hanson, Inc.*, 106 N.M. 25, 738 P.2d 519, 520 (N.M. Ct. App. 1987). "In that situation, NMSA § 38-1-5 expressly provides that service on the secretary of state shall be as effective as if made upon an officer of the corporation." *Id.* at 738 P.2d at 520. By contrast, Section 38-1-6 is directed to foreign corporations that have never appointed an agent for process. *Id.*

In her affidavit, Ms. Perry indicated that her research revealed that Ms. Rouse was the designated service of process agent for TRH, but Ms. Perry could not locate Ms. Rouse. Plaintiffs have asserted that at the time of the accident, TRH was doing business in New Mexico

and this established jurisdiction under the New Mexico long-arm statute NMSA 1978 § 38-1-16(A)(1)-(3).[15] Based on the Plaintiffs' evidence, which is not disputed by Zurich, the Court concludes that service of TRH may be effected on the New Mexico Secretary of State as provided in NMSA 1978 § 38-1-5. *See Aetna Cas. and Sur. Co. v. Bendix Control Div.*, 101 N.M. 235, 240, 680 P.2d 616, 622 (N.M. Ct. App. 1984) (holding that allegations in complaint that foreign corporation committed tort in New Mexico statute were sufficient to establish personal jurisdiction over foreign corporation under New Mexico long-arm statute and under federal due process standards).

Plaintiffs followed the requirements of § 38-1-5 in serving TRH. In state court, Plaintiffs filed Ms. Perry's affidavit along with a copy of information about TRH found on the internet, and the letter from the Vermont Federal Motor Carrier Safety Administration. In the affidavit, Plaintiffs informed the state court that TRH's agent, Ms. Rouse, could not with due diligence be found. In addition Plaintiffs provided to the New Mexico Secretary of State, "the name upon whom the summons and complaint is to be served and the last known address[]" of TRH. NMSA 1978 § 38-1-5. Ms. Herrera then notified TRH "by certified or registered mail directed to the corporation[.]" *Id.*

Zurich does not dispute the evidence contained in Ms. Perry's affidavit. In addition,

---

[15] Under NMSA 38-1-16, which is the state's long-arm statute for jurisdiction over foreign corporations and individuals "only causes of action arising from acts enumerated in [the statute] may be asserted against a defendant in an action in which jurisdiction is based upon this section." NMSA 1978 § 38-1-16 (C). Since the causes of action asserted by Plaintiffs arise from TRH's operation of a motor vehicle upon the highways of this state and from the alleged commission of a tortious act within this state, the requirements of NMSA § 38-1-16 have been met. *See McIntosh v. Navaro Seed Co.*, 81 N.M. 302, 466 P.2d 868 (1970) (holding that Texas grain buyer's contact with state of New Mexico, including the sending of trucks and agent into New Mexico, was sufficient to subject buyer to personal jurisdiction of New Mexico courts).

Zurich has presented no evidence that Plaintiffs failed to properly serve TRH under the provisions of § 38-1-5. Nor has Zurich presented evidence that TRH was not subject to the jurisdiction of the New Mexico courts because it was not "doing business" in New Mexico as provided in the New Mexico long arm statute. Finally, Zurich has presented no evidence that TRH had an agent for service of process in New Mexico or that Plaintiffs failed to make a diligent effort to locate TRH's agent. Thus, Plaintiffs' service of the New Mexico Secretary of State as TRH's agent was proper under NMRA 1-004(G)(1) because Plaintiffs served an agent authorized by law, NMSA § 38-1-5, to receive service of process.

Because service of process on TRH was accomplished when the Secretary of State was served, the Hague Convention does not apply. *See Schlunk*, 486 U.S. at 706-07 (holding that service of German corporation through an agent in United States would not trigger the application of the Hague Convention's procedures). *See also Melia v. Les Grands Chais de France*, 135 F.R.D. 28, 32-35 (D. R.I. 1991) (holding that Hague Convention was not applicable and that service on French corporation was complete upon service of the Rhode Island Secretary of State when conditions of state statute were met) and *Brand*, 920 F. Supp. at 1172 n. 7 (stating in dicta that if the plaintiff would have presented evidence that the foreign corporation was doing business in Kansas, then service on the Kansas Secretary of State would have been sufficient, and the Hague Convention would not have been applicable).

Because Plaintiffs properly served the New Mexico Secretary of State as TRH's agent, the Court will not dismiss the claims against Zurich under Fed. R. Civ. P. 12(b)(5) for failure to properly serve process on TRH. In addition, even though Plaintiffs failed to properly serve Gilles under New Mexico law, the Court will allow Plaintiffs to obtain a new summons from the Clerk of this Court and will allow Plaintiffs until August 10, 2011 to properly serve process on Gilles.

IT IS ORDERED that

1. Defendant Zurich American Insurance Company's Motion To Dismiss (Doc. No. 14) is denied.

2. Plaintiffs must promptly request a new summons from the Clerk of Court for the United States District Court of the District of New Mexico, and Plaintiffs must serve the new summons and Complaint on Meillenur Gilles by August 10, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE